**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILDRED ARMSTRONG,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **14-5071** |
| | : | |
| **WES HEALTH SYSTEMS** | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                        **May 26, 2016**

Plaintiff Mildred Armstrong filed this lawsuit *pro se* against her former employer Defendant Wes Health System, alleging that Defendant discriminated against her in violation of the Age Discrimination in Employment Act (ADEA)[1] when it demoted her and terminated her employment. Now before the Court is Defendant's Motion for Summary Judgment, which Plaintiff opposes. For the reasons discussed below, Defendant's Motion will be granted.

## I.       FACTUAL AND PROCEDURAL HISTORY

Except as noted, the relevant facts are undisputed. In 2005, Plaintiff was hired to work for Defendant as a Business Manager in the Fiscal and Behavioral Health and Rehabilitation Services (BHRS) Departments. Plaintiff worked for Defendant in this role until she was terminated on July 12, 2012. At the time that she was terminated, Plaintiff was 67 years old.

Throughout her employment, Plaintiff received positive employee evaluations and Defendant admits that Plaintiff was not fired due to performance problems. Instead, Defendant argues that Plaintiff was laid off due to a reduction in force. Both parties agree that in 2012, Defendant was informed that it would suffer approximately one million dollars in funding cuts, and Defendant laid off twenty-six employees, who were between 23 and 67 years old.

---

[1] 29 U.S.C. § 621-634.

Before Plaintiff was terminated, Plaintiff's supervisors, David Kittka and Lynne Hopper, and Senior Human Resources Manager Sharon Mackin offered Plaintiff a full time position in the BHRS department, with a four-thousand dollar reduction in salary. Although Plaintiff orally accepted the position and salary reduction, on July 11, 2012, she refused to sign an offer letter. Defendant contends that this refusal was a rejection of the offer, while Plaintiff contends that she only refused to sign the offer letter before speaking to Mr. Kittka, who was not in the office that day. Plaintiff alleges that the letter offered her a position titled BHRS Business/Utilization Analyst, which was different than the Business Manager position offered at the meeting. Around the time Plaintiff refused to sign the offer letter, Ms. Hopper told Plaintiff that no one wanted her and that she should be grateful that she had a job. As an alternative to her claim that the termination violated the ADEA, Plaintiff argues that the reassignment was a demotion that violated the ADEA. As there is no dispute that Plaintiff never assumed the new position, although the parties disagree about the reason for this, the reassignment is not an adverse employment action separate from the termination.[2]

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[4] A dispute about a material fact is "genuine" if the evidence presented "is such

---

[2] An adverse employment action is a "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Cardenas v. Massey,* 269 F.3d 251, 263 (3d Cir. 2001) (internal quotation marks and citations omitted).

[3] Fed. R. Civ. P. 56(a), (c)(1).

[4] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

that a reasonable jury could return a verdict for the nonmoving party."[5] In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[6] Further, a court may not weigh the evidence or make credibility determinations.[7] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[8] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[10] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[11]

## II.      DISCUSSION

Under the ADEA, an employer may not fire or demote an employee who is at least forty years old because of her age.[12] In *Gross v. FBL Financial Services, Inc.*, the Supreme Court held that a plaintiff alleging unlawful discrimination under the ADEA must prove by a preponderance of the evidence that the employee's age "was the 'but-for' cause of the challenged employer

---

[5] *Id.*

[6] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[7] *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[9] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[10] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[11] *Celotex*, 477 U.S. at 322; *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[12] 29 U.S.C. §§ 623(a), 631(a).

decision."[13] The Supreme Court held that the burden of persuasion remains with the plaintiff and may be satisfied using either direct or circumstantial evidence.[14]

### A.    Direct Evidence of Age Discrimination

"Direct evidence of discrimination would be evidence which, if believed, would prove the existence of the fact [in issue] *without inference or presumption.*"[15] Before the Supreme Court's decision in *Gross*, the Third Circuit had held that once a plaintiff sets forth direct evidence that age was a substantial factor in the employer's unlawful employment decision, the employer must prove that it would have made the same employment decision even if it had not considered the plaintiff's age.[16] However, after *Gross*, "[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age."[17] Instead, the plaintiff "must show that the decision would not have occurred without improper consideration of age."[18]

Plaintiff argues that there is evidence that Ms. Hopper appointed Plaintiff to supervise staff in BHRS's fiscal section in May 2012, removed this appointment three weeks later, and told Plaintiff that the appointment was too stressful for someone of Plaintiff's age.[19] Defendant contends that this allegation is not supported by the record, and argues that Plaintiff's opposition brief is not evidence. This assertion is based on Plaintiff's personal knowledge, would be an

---

[13] 557 U.S. 167, 178 (2009).

[14] *Id.* at 177-78.

[15] *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994) (internal citations and quotations omitted).

[16] *Fakete v. Aetna, Inc.*, 308 F.3d 335, 338 (3d Cir. 2002).

[17] *Gross*, 557 U.S. at 180.

[18] *Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 587-88 (E.D. Pa. 2013).

[19] Pl's Opposition to Def's Motion for Summary Judgment, Doc. 36 at 4. Plaintiff does not assert a claim for discrimination based on the removal of this appointment, and argues only that it is evidence that she was later demoted and terminated based on her age.

admissible opposing party statement at trial,[20] and could be considered by the Court if Plaintiff had submitted an appropriate affidavit.[21] In light of Plaintiff's *pro se* status, the Court will not disregard this evidence on this basis.[22]

The Court must, however, determine whether this belated assertion conflicts with Plaintiff's testimony at her deposition, and thus constitutes a "sham affidavit." Under the "sham affidavit doctrine," "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict."[23] Otherwise, "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."[24] However, a district court is not always required to disregard an affidavit where it conflicts with deposition testimony, and district courts have generally refused to do so where "there is independent evidence in the record to bolster an otherwise questionable affidavit."[25]

At Plaintiff's deposition, she testified that she never supervised anyone during the duration of her employment with Defendant and that she did not believe anyone treated her differently because of her age before the events of July 2012.[26] As Plaintiff has not attempted to explain this discrepancy, nor has she pointed to independence evidence in the record to bolster

---

[20] Fed. R. Evid. 801(d)(2).

[21] Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

[22] *See Gumbs v. O'Connor*, No. 10-1520, 2015 WL 2185696, at *2, n.2 (D.N.J. May 8, 2015).

[23] *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004).

[24] *Id.* (internal quotation omitted).

[25] *Id.* at 625.

[26] Doc. No. 35, Ex. A to Def's Mot. for Summary Judgment at 45.

her claims, the Court will not consider as evidence that Ms. Hopper removed Plaintiff's May 2012 supervisory appointment because of Plaintiff's age.

Even if the Court were to consider this as evidence, Plaintiff has raised nothing more than an inference of age-related discrimination. The Court has before it the May 2012 incident, Ms. Hopper's statement to Plaintiff that no one wanted her and that Plaintiff should be grateful to have a job,[27] and Plaintiff's deposition testimony that Ms. Hopper showed favoritism towards the younger staff by being "very, very friendly, [and] nicer [to them]."[28] This evidence is insufficient to allow a reasonable factfinder to conclude, without any inference or presumption, that age had a determinative influence on Defendant's decision to terminate Plaintiff in July 2012.[29] Moreover, Plaintiff has also failed to demonstrate that Ms. Hopper was involved in the decision to terminate Plaintiff; the only evidence as to who was involved in this decision comes from Mr. Kittka's deposition testimony that he was responsible for "identifying the workforce reduction or budget reduction for the fiscal department."[30] The Third Circuit has generally held that comments made by non-decisionmarkers "are stray remarks, which, standing alone, are inadequate to support an inference of discrimination."[31]

###    B.    Circumstantial Evidence of Age Discrimination

Plaintiff's age discrimination claim may still survive summary judgment if she can establish a claim for age discrimination using indirect evidence under the *McDonnell Douglas* framework. To establish a prima facie case using indirect evidence a plaintiff must establish

---

[27] Doc. No. 35, Ex. A to Def's Mot. for Summary Judgment at 20.

[28] Doc. No. 37, Ex. A to Def's Reply at 24.

[29] *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 502 (3d Cir. 1995) (finding that comment by decisionmaker that he wanted the plaintiff to lose weight and that it would make him look younger was relevant to his claim of age discrimination but likely insufficient standing on its own to demonstrate age-related animus).

[30] Doc. No. 36, Ex. G to Pl's Opposition to Def's Mot. for Summary Judgment at 18.

[31] *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 521 (3d Cir. 1997).

(1) that she was at least 40 years of age, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) in circumstances giving rise to an inference of discriminatory motive.[32] If the plaintiff establishes a prima facie case of age discrimination, the burden of production shifts to the defendant who must offer evidence that it had a legitimate, non-discriminatory reason for the discharge.[33] If the defendant meets its burden of production, the plaintiff must then "proffer evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason…more likely than not" had a determinative influence on the adverse employment decision.[34]

### A.    Prima Facie Case

Defendant does not dispute that Plaintiff was 67 years old, was discharged by Defendant, was qualified for her job, and thus that she satisfies the first three elements of her prima facie case on her termination claim. Defendant argues that Plaintiff has failed to satisfy the fourth element of the prima facie case because she has not established that other sufficiently younger, similarly situated employees were retained. While Plaintiff has set forth evidence that Defendant retained employees who were as much as thirty-nine years younger than she was,[35] none of the retained employees held the same position as Plaintiff and Plaintiff has not provided any

---

[32] *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249- 50 (3d Cir. 2002).

[33] *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 235 (3d Cir. 1999).

[34] *Id.* (internal citations and quotation marks omitted).

[35] *See* Doc. No. 13 (filed under seal). To establish that Defendant retained someone sufficiently younger than Plaintiff, no particular age difference need be shown, but Plaintiff must "point to a sufficient age difference between himself and his replacement such that a fact-finder can reasonably conclude that the employment decision was made on the basis of age." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995). In *Sempier*, the Third Circuit held that the combined age differences between the plaintiff and two employees who were four and ten years younger than the plaintiff were sufficient. *Id.* at 730.

evidence as to their job duties or supervisory responsibilities.[36] The Court therefore agrees that Plaintiff has failed to establish that any retained employee was similarly situated to her.[37] However, because "the *prima facie* case is not intended to be rigid, mechanized, or ritualistic,"[38] Plaintiff can still establish a prima facie case of discrimination if other evidence gives rise to an inference that her selection for termination was based on age.[39] However, there is no evidence that Ms. Hopper, who allegedly made the objectionable comments and showed favoritism to the younger staff, was a decisionmaker with respect to Plaintiff's termination, Plaintiff has failed to establish "some causal nexus between [her] membership in a protected class and the decision" to terminate her.[40]

### B.   Pretext

Even if Plaintiff had established a prima facie case as to her termination, summary judgment would be warranted. Defendant has offered legitimate non-discriminatory reasons for the adverse employment action. Defendant contends that in 2012, its funding was reduced by

---

[36] *See* Doc. No. 13 (filed under seal).

[37] To determine whether any of the sufficiently younger employees were similarly situated to Plaintiff, the Court must conduct a "fact-intensive inquiry on a case-by-case basis," to evaluate the relevant employees' "job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) (applying the standard under the ADEA for the fourth element of the prima facie case to the New Jersey Law Against Discrimination).

[38] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (internal citations and quotation marks omitted).

[39] *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356 (3d Cir. 1999); *Sesso v. Mercy Suburban Hosp.*, No. 11-5718, 2013 WL 961625, at *5, n.21 (E.D. Pa. Mar. 13, 2013) ("Plaintiff does not need to put forth evidence that he was replaced by sufficiently younger employees to support an inference of discrimination; such evidence is but one way to support an inference of discrimination.").

[40] *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003); *accord Dunsmuir v. May Dep't Stores Co.*, 120 F. App'x 927, 929-30 (3d Cir. 2005) (holding that a stray remark by a non-decisionmaker did not support this claim). To the extent Plaintiff argues that Defendant's failure to pay her severance benefits gives rise to an inference of discrimination, the only potential evidence that other laid off employees were paid severance benefits is a statement by Defendant's attorney at the case management scheduling conference, which was held on the record, that some higher level employees received one week of severance pay, but that most employees did not receive severance benefits and no employees laid off from the BHRS department received severance benefits. This is insufficient to give rise to an inference of discrimination.

approximately one million dollars, and Plaintiff was terminated due to a reduction in force. Defendant argues that Plaintiff's specific position was eliminated even though she did not have performance problems because (1) no employees in the Fiscal Department had performance problems, (2) other employees in the Fiscal Department worked on agency-wide issues, while Plaintiff only worked with one other department, (3) the only positions eliminated in the BHRS Department were non-clinical, non-revenue generating positions, and (4) Plaintiff was offered the opportunity to remain employed in the BHRS Department, but refused the position; the proposed reduced salary would have reflected her reduced responsibilities.

In support of its argument, Defendant has set forth the deposition testimony of Mr. Kittka, who testified that none of the employees in the Fiscal Department had performance problems and most "support agency-wide programs…[Plaintiff's] position was one of the positions that was split between fiscal and BHRS …and not multiple [departments]."[41] Defendant has also set forth its answers to Plaintiff's interrogatories, in which it states that Defendant decided to terminate employees "whose positions did not generate income on a fee-for-service basis."[42] Finally, Defendant has provided Plaintiff's deposition testimony in which she admitted that her position was not clinical and did not involve charging fees for services rendered.[43] Plaintiff also admitted that she was offered a different position within the BHRS Department due to budget cuts, but refused to sign a letter accepting the new position.[44] This is sufficient to satisfy Defendant's "relatively light burden" to produce evidence that, if true, would allow a factfinder to conclude that there was a non-discriminatory reason for the termination.[45]

---

[41] Doc. No. 35, Ex. D to Def's Brief in Support of Mot. for Summary Judgment at 23-24.

[42] Doc. No. 35, Ex. I to Def's Brief in Support of Mot. for Summary Judgment at 4-5.

[43] Doc. No. 35, Ex. A to Def's Brief in Support of Mot. for Summary Judgment at 82.

[44] Doc. No. 35, Ex. A. to Def's Brief in Support of Mot. for Summary Judgment at 62, 67.

[45] *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

To establish that Defendant's legitimate non-discriminatory reasons were pretexual, Plaintiff has two options.[46] First, Plaintiff may "point to evidence that would allow a factfinder to disbelieve the employer's reason for the adverse employment action."[47] This evidence must "indicate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons to satisfy the factfinder that the employer's actions could not have been for nondiscriminatory reasons."[48] Second, Plaintiff may present evidence with "sufficient probative force" that would allow a reasonable factfinder to conclude that age was a determinative factor, including evidence that: "the defendant previously discriminated against the plaintiff; (2) the defendant discriminated against others within the plaintiff's protected class; or (3) the defendant has treated similarly situated, substantially younger individuals more favorably."[49] Plaintiff only presents evidence to discredit Defendant's proffered reasons for her termination.

Plaintiff first argues that Mr. Kittka's testimony that Plaintiff's position was *one* of the positions that supported only BHRS leaves open the possibility that there were other employees who also did not work in multiple departments and whose positions could have been eliminated. However, Plaintiff admits that she was the only employee in the Fiscal Department whose work applied to only one other department.[50] Plaintiff also argues that other employees who supported multiple departments supported much smaller departments.[51] This establishes only that

---

[46] *Willis*, 808 F.3d at 647.

[47] *Id.* at 644 (Internal citations omitted).

[48] *Id.* at 644-45 (Internal citations and quotation marks omitted).

[49] *Id.* at 645 (Internal citations and quotation marks omitted).

[50] Doc. No. 36, Pl's Opposition to Def's Mot. for Summary Judgment at 1-2, ¶11.

[51] Doc. No. 36, Pl's Opposition to Def's Mot. for Summary Judgment at 1-2, ¶12. While Plaintiff again states this in her Opposition Brief and not in an affidavit, for the reasons discussed above, the Court will still consider this as evidence.

Defendant's business decision to eliminate Plaintiff's position may have been wrong or mistaken, which is not enough to discredit Defendant's proffered reason.[52] It does not establish that Defendant did "not in fact rely on its articulated reasons when terminating her employment."[53]

Next, Plaintiff set forth evidence that her position did generate revenue, as she helped Defendant collect over $500,000 in owed account receivables during her tenure.[54] However, this does not render Defendant's proffered reason "so weak as to render it unworthy of credence,"[55] as Plaintiff has not established, for example, that she generated more revenue than the clinical positions Defendant sought to protect and thus that Defendant's decision was so "arbitrary or plainly wrong that it could not have been the [] real reason."[56] Plaintiff also argues that even if her position was eliminated because it was non-revenue generating, this does not explain why her position in particular was selected for elimination instead of another administrative position. However, Defendant has offered other reasons that specifically focus on why Plaintiff's particular position was selected for elimination.

Finally, Plaintiff has set forth evidence that she did not refuse the reassignment, but sought to speak with her supervisor before accepting the position, and was terminated before she had the opportunity to do so.[57] While there is a dispute of fact as to whether Plaintiff refused the reassignment, this by itself does not "so undermine the employer's credibility as to enable a

---

[52] *Fuentes*, 32 F.3d at 765.

[53] *Willis*, 808 F.3d at 647.

[54] Doc. No. 36, Pl's Opposition to Def's Mot. for Summary Judgment at 2, ¶13. Again, the Court will consider this as evidence even though Plaintiff did not submit an affidavit containing this information.

[55] *Willis*, 808 F.3d at 648 (internal citations and quotation marks omitted).

[56] *Langley v. Merck & Co.*, 186 F. App'x 258, 261-62 (3d Cir. 2006) (citations omitted).

[57] Doc. No. 35, Ex. A to Def's Brief in Support of Mot. for Summary Judgment at 70-71; Doc. No. 36, Pl's Opposition to Def's Mot. for Summary Judgment at 3, ¶ 34, 36.

rational factfinder to disbelieve the remaining rationales."[58] The Court therefore holds that no reasonable factfinder could conclude that Defendant's proffered reasons for Plaintiff's termination were pretextual and find by a preponderance of the evidence that age discrimination was a "but for" cause of the adverse employment actions.

## IV.     CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's ADEA claim against it. An appropriate Order will follow.

---

[58] *Tomasso v. Boeing Co.*, 445 F.3d 702, 707 (3d Cir. 2006).